## IN EQUITY.

JOSEPH H. FAYERWEATHER vs. ELIHU SMITH & ELEAZER LOCKWOOD.

A suit in equity is totally abated, in case of the death of a sole Plaintiff. An order to revive will be granted of course, and the Plaintiff be permitted to amend his bill, if he thinks it necessary. A conditional notice of motion for a reference to appoint a receiver, may be given at the same time of giving notice of motion to revive.

Upon the revival of a suit in equity, if it appear that the Plaintiff has not given the requisite security provided by the 21st rule, on obtaining an injunction, such security will be required, and if not given within such time as the court shall direct, the Defendant may move to dissolve the injunction.

The bill in this cause was filed to close the business of an alleged partnership between the parties. After notice of a motion for the appointment of a receiver, and before the Defendants had put in an answer, the

Plaintiff died. Ezra H. Smith having been appointed his administrator, applied by petition to have the suit revived in his name. And a notice had also been given by the Plaintiff's solicitor, that in case the suit should be revived, he would also move for the appointment of a receiver. On the part of the Defendants, it was shown, that upon filing the bill an injunction was issued restraining the Defendants from intermeddling with the partnership effects; that, upon the issuing of the injunction the Plaintiff gave his own bond as provided by the 21st rule of this court; and that at the time of giving the bond and also at the time of his death, he was worthless. The administrator was only required to give security in the penalty of $200.

 D. L. SEYMOUR, *for administrator.*

 J. WHITE, *for Defts.*

HARRIS, Justice.—The application to revive the suit must of course be granted, and the Plaintiff is to be permitted, if he deems it necessary, to amend his bill. The Defendants are to have forty days after service of a copy of the order to revive, or in case the Plaintiff elects to amend, after service of a copy of the amended bill, to put in their answer.

It is a general rule that where there is a total abatement of a suit, as by the death of a sole Plaintiff, the cause is completely suspended, and no proceedings can be had in it until it has been revived. Yet, although the suit is abated, the court have in some cases entertained applications after the preliminary steps to revive have been taken, and I see no objection to allowing a conditional notice of a motion to be given as in this case. I think therefore the order to revive may also provide for a reference to A. G. Johnson, Esq., with the usual powers to appoint a receiver of the partnership property and effects, upon this condition however, that within ten days from the date of the order, the Plaintiff execute and file with the clerk, a bond to the Defendants with one sufficient surety in the penalty of $500, conditioned as provided by the 21st rule. The injunction having been obtained without the security contemplated by the rule referred to, this condition must now be imposed upon the Plaintiff. In case he should omit to give such bond the Defendants are to be at liberty to move to dissolve the injunction.